IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| SAMUEL JOHN MARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-00011 |
| | ) | |
| ANDERSON COUNTY DETENTION | ) | |
| FACILTY, CHIEF JAILER ZACH | ) | |
| ALLEN, ROCKY TOP POLICE | ) | |
| DEPARTMENT, JOHN THOMAS, | ) | |
| ANDERSON COUNTY SHERIFF'S | ) | |
| OFFICE, CAPTAIN VOWELL, AND | ) | |
| MAYOR TERRY FRANK, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS ROCKY TOP POLICE DEPARTMENT AND JOHN B. THOMAS, JR. TO PLAINTIFF'S COMPLAINT**

Defendant Rocky Top Police Department hereby appears via special appearance, and John B. Thomas, Jr. hereby appears, by and through counsel, and for these Defendants' Answer to the Plaintiff's Complaint, state as follows[1]:

1. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1), it is denied that Chief of the Rocky Top Police Department, John B. Thomas, Jr. is a proper party to this lawsuit. Chief Thomas was not involved in any way in the arrest of the Plaintiff on June 23, 2023 and, in fact, was not even employed by the City of

---

[1] The Rocky Top Police Department is not a separate legal entity apart from the City of Rocky Top, Tennessee capable of being sued. This answer pertaining to Defendant Rocky Top Police Department is therefore filed pursuant to a special appearance by counsel without waiving any defenses or objections.

Rocky Top, Tennessee on that date. As such, it is requested that the Court summarily dismiss Chief Thomas as a Defendant in this case.

2. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1), it is maintained that the "Rocky Top Police Department" is not a sueable legal entity. It is maintained that the City of Rocky Top, Tennessee maintains a police department that is merely a department of the City. As such, it is maintained that the Court should dismiss Plaintiff's Complaint against the Rocky Top Police Department as a Defendant.

3. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1), any references to any other Defendants on pages 2, 3 and 4 of the Plaintiff's Complaint do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

4. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1), page 3, the name, address, county, telephone number and email address of Plaintiff are outside of the course and scope of knowledge of these Defendants and therefore no response is given at this time.

5. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1),on pages 4 and 5, jurisdiction of this Court is not disputed. It is however maintained that there is no basis for suit for any claim, including but not limited to claims for False Arrest, Jail Brutality, Cruel and Unusual Punishment and "torts."

6. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1),on pages 5 and 6 under "Statement of Claim," these allegations are denied as written and strict proof is required thereof. As stated previously, Defendant John B. Thomas, Jr. had no involvement in the arrest of the Plaintiff at any time. In addition, it is maintained

that probable cause existed for the arrest of the Plaintiff. Further, it is maintained that once Plaintiff was arrested and his custody was transferred to Anderson County, Tennessee at their jail, no employee with the City of Rocky Top, Tennessee had any involvement with his detention at the Anderson County Jail. The remaining allegations are denied as written and strict proof is required thereof.

7. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1), page 7 under "Injuries," any injuries claimed by the Plaintiff are currently outside of the course and scope of knowledge of these Defendants. These allegations are therefore denied as written and strict proof is required thereof.

8. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1), page 7 under "Relief," it is denied that the Plaintiff is entitled to any relief as to any of these Defendants. Accordingly, these allegations are denied and strict proof is required thereof.

9. In response to Plaintiff's Complaint for Violation of Civil Rights (Doc. 1), page 8 contains no allegations requiring response from the Defendants. Therefore, no response is warranted and none is given.

10. It is maintained that probable cause existed for the arrest of the Plaintiff pertaining to this matter. Accordingly, these Defendants are entitled to judgment in this matter.

11. Defendant John B. Thomas, Jr. is entitled to a grant of qualified immunity on all claims made by Plaintiff pursuant to federal law and claims for an alleged violation of Plaintiff's constitutional rights.

12. To the extent that Plaintiff raises any state law claims, these Defendants plead any and all defenses contained in the Tennessee Governmental Tort Liability Act, Tenn. Code

Ann. § 29-20-101 et seq. In addition, Defendant Thomas is entitled to a grant of state law good faith immunity on any such state law claims.

13. These Defendants are entitled to an award of attorney's fees and costs due to Plaintiff's frivolous institution of this case pursuant to 42 U.S.C. § 1988 and Tenn. Code. Ann. § 29-20-113.

14. Anything not expressly admitted or denied as contained in the Plaintiff's Complaint is to be hereby deemed denied as written and strict proof is required thereof.

15. These Defendants demand a jury to try Plaintiffs' constitutional claims.

16. These Defendants are entitled to a bench trial on any claims under state law pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 et seq.

17. This Defendant reserves the right to amend this Answer pursuant to further investigation and discovery in this case.

Respectfully submitted this 1st day of March 2024.

DEFENDANTS ROCKY TOP, POLICE DEPARTMENT and JOHN B. THOMAS, JR.

By: /s/Reid A. Spaulding
REID A. SPAULDING, BPR #023363
Watson, Roach, Batson, & Lauderback, PLC
900 S. Gay Street, Suite 1500
P.O. Box 131
Knoxville, Tennessee 37901
Telephone: (865) 637-1700
rspaulding@watsonroach.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Samuel John Marra<br>
184 Manley Avenue<br>
Vine Grove, Kentucky 40175

This 1st day of March 2024.

                                                  By:    //s/Reid A. Spaulding
                                                                  REID A. SPAULDING, BPR #023363