UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| SAMUEL J. MARRA, | ] | |
|---|---|---|
| Plaintiff, | ] | |
| v. | ] | No. 3:24-cv-00011-TAV-DCP |
| ANDERSON COUNTY DETENTION FACILITY, ROCKY TOP POLICE DEPARTMENT, ANDERSON COUNTY SHERIFF, TERRY FRANK, | ] | |
| Defendants. | ] | |

**ANSWER OF ANDERSON COUNTY TO**
**SECOND AMENDED COMPLAINT**

The defendant, Anderson County, makes the following Answer to the plaintiff's Second Amended Complaint [Doc. 49] and would show unto the Court as follows:

In response to plaintiff's "Introduction", this defendant admits that, on or about June 23, 2023, Samuel J. Marra, formerly known as Nelson John Dawson (hereinafter, "Marra") was arrested by officers for the City of Rocky Top and transported to the Anderson County Detention Facility (hereinafter, "ACDF"). This defendant admits that Marra was acting erratically while at ACDF, but this defendant asserts that Marra was evaluated by the medical staff, and upon the direction of the medical staff, he was taken to Methodist Medical Center for evaluation in the emergency room. This defendant asserts that Marra was evaluated in the emergency room and was released to return to ACDF. This defendant admits that Marra, on the second day of his incarceration, urinated on the door of his cell, refused to clean up the urine, and refused to obey the commands of correctional officers. This defendant admits that force was used on Marra, that Marra was placed in a restraint chair initially and that Marra was monitored by correctional officers and the medical staff until his

removal from the restraint chair. This defendant asserts that Marra was evaluated and treated by the medical staff during the remainder of his incarceration until his release on June 26, 2023. This defendant denies all allegations of the introduction inconsistent with the foregoing and denies that Marra's constitutional rights were violated or that he has any basis for a cause of action against this defendant.

1. On information and belief, this defendant admits the allegations of paragraph 1 of the Complaint.

2. In answer to paragraph 2 of the Complaint, this defendant denies that the plaintiff has any basis to recover any damages from this defendant.

3. The allegations of paragraph 3 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

4. In answer to paragraph 4 of the Complaint, this defendant admits that it is a governmental entity and that it operates and maintains ACDF under the direction of the elected Sheriff. This defendant denies the remaining allegations of paragraph 4 of the Complaint.

5. The allegations of paragraph 5 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

6. In answer to paragraph 6 of the Complaint, this defendant admits that Dale Culver and Robert Mudgett were correctional officers at ACDF acting within the course and scope of their employment as correctional officers during the events at issue. The remaining allegations of paragraph 6 of the Complaint do not require an answer by this defendant.

7. This defendant admits the allegations of paragraph 7 of the Complaint.

8. In answer to paragraph 8 of the Complaint, this defendant does not dispute venue or

jurisdiction but denies that the plaintiff has any basis for a claim against this defendant.

9. In answer to paragraph 9 of the Complaint, this defendant asserts that the Court should decline to exercise supplemental jurisdiction.

10. In answer to paragraph 10 of the Complaint, this defendant admits that its correctional officers would have been acting under color of law. This defendant denies the remaining allegations of paragraph 10 of the Complaint as stated.

11. In answer to paragraph 11 of the Complaint, this defendant denies any allegations that it or its correctional officers committed any wrongs.

12.-27. This defendant lacks sufficient information to admit or deny the allegations of paragraphs 12 through 27 of the Complaint.

28. This defendant admits the allegations of paragraph 28 of the Complaint. It is denied that Mr. Dawson was working in his capacity as an officer for Anderson County which respect to the events at issue.

29.-35. This defendant lacks sufficient information to admit or deny the allegations of paragraphs 29 through 35 of the Complaint.

36. To the extent that paragraph 36 of the Complaint is addressed to this defendant, the allegation is denied, and this defendant asserts that it was appropriate for its correctional officers to accept Marra based upon information provided by the arresting officers.

37. In answer to paragraph 37 of the Complaint, this defendant asserts that the Affidavit of Complaint executed by Officer Phillips speaks for itself and admits the allegations to the extent consistent with the Affidavit of Complaint.

38. This defendant lacks sufficient information to admit or deny the allegations of paragraph

38 of the Complaint.

39. This defendant lacks sufficient information to admit or deny the allegations of paragraph 39 of the Complaint.

40. The allegations of paragraph 40 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

41. The allegations of paragraph 41 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

42. This defendant admits the allegations of paragraph 42 of the Complaint.

43. This defendant admits the allegations of paragraph 43 of the Complaint.

44. This defendant lacks sufficient information to admit or deny the allegations of paragraph 44 of the Complaint.

45. This defendant denies the allegations of paragraph 45 of the Complaint.

46. This defendant denies the allegations of paragraph 46 of the Complaint.

47. This defendant denies the allegations of paragraph 47 of the Complaint to the extent that they are addressed to this defendant.

48. In answer to paragraph 48 of the Complaint, this defendant admits that the medical staff was contacted to evaluate Marra and that Nurse Ledbetter evaluated him in the booking area. The remaining allegations of paragraph 48 of the Complaint are denied.

49. The allegations of paragraph 49 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

50. This defendant admits the allegations of paragraph 50 of the Complaint.

51. This defendant admits the allegations of paragraph 51 of the Complaint.

52. On information and belief, this defendant admits the allegations of paragraph 52 of the Complaint.

53. In answer to paragraph 53 of the Complaint, this defendant admits that the medical staff requested that Marra be sent to the hospital for evaluation and that this defendant complied.

54. This defendant admits the allegations of paragraph 54 of the Complaint.

55. In answer to paragraph 55 of the Complaint, this defendant admits that Marra was transported back to ACDF after being released by the medical staff at Methodist Medical Center and that he was placed in a booking cell with cameras for observation.

56. On information and belief, and in answer to paragraph 56 of the Complaint, this defendant admits that Methodist Medical Center performed a drug screen on Marra.

57. In answer to paragraph 57 of the Complaint, this defendant admits, on information and belief, that the drug screen performed on Marra was negative for the substances for which it tested.

58. This defendant admits the allegations of paragraph 58 of the Complaint.

59. In answer to paragraph 59 of the Complaint, this defendant asserts that Marra was evaluated by the medical staff. This defendant lacks sufficient information to admit or deny whether the medical staff performed any type of mental health evaluation on Marra.

60. This defendant admits the allegations of paragraph 60 of the Complaint.

61. In answer to paragraph 61 of the Complaint, this defendant admits that Marra had removed his clothes prior to his action of urinating on the door.

62. In answer to paragraph 62 of the Complaint, this defendant admits that Marra sat down in his cell and refused to obey the instructions of the officers.

63. In answer to paragraph 63 of the Complaint, this defendant admits that Marra was

5

advised that he would be sprayed with pepper spray if he refused to follow the commands of the officers.

64. In answer to paragraph 64 of the Complaint, this defendant admits that the officers did not attempt to contact the medical staff at that time.

65. This defendant denies the allegations of paragraph 65 of the Complaint.

66. This defendant denies the allegations of paragraph 66 of the Complaint, but this defendant admits that force was used on Marra when he refused to obey officers' commands and then resisted their attempts to restrain him.

67. This defendant denies the allegations of paragraph 67 of the Complaint.

68. In answer to paragraph 68 of the Complaint, this defendant admits that Officer Sharp entered the cell to assist the other officers in restraining Marra.

69. This defendant admits that the officers carried Marra out of the cell when he refused to stand or otherwise cooperate.

70. In answer to paragraph 70 of the Complaint, this defendant admits that officers placed Marra in a restraint chair with a spit hood.

71. This defendant denies the allegations of paragraph 71 of the Complaint.

72. This defendant denies the allegations of paragraph 72 of the Complaint.

73. In answer to paragraph 73 of the Complaint, this defendant admits that Marra was returned to a holding cell once he was removed from the restraint chair and that Marra continued to walk around his cell naked.

74. On information and belief, this defendant admits that an order was given by the facility doctor to provide a shot of Lorazepam and Benadryl to Marra that was administered by the nursing

6

staff.

75. This defendant denies the allegations of paragraph 75 of the Complaint.

76. On information and belief, this defendant admits the allegations of paragraph 76 of the Complaint.

77. In answer to paragraph 77 of the Complaint, this defendant admits that Marra remained incarcerated on June 24, 2023, but this defendant lacks sufficient information to admit or deny whether Marra received any mental evaluation by the medical staff while at ACDF or when he was previously evaluated at the hospital. This defendant relied upon the medical staff at ACDF and the medical staff at the hospital to perform the assessment that they deemed medically necessary.

78. This defendant denies the allegations of paragraph 78 of the Complaint.

79. On information and belief, this defendant admits the allegations of paragraph 79 of the Complaint.

80. The allegations of paragraph 80 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

81. This defendant denies the allegations of paragraph 81 of the Complaint.

82. This defendant denies the allegations of paragraph 82 of the Complaint.

83. This defendant denies the allegations of paragraph 83 of the Complaint.

84. This defendant lacks sufficient information to admit or deny the allegations of paragraph 84 of the Complaint.

85. This defendant lacks sufficient information to admit or deny the allegations of paragraph 85 of the Complaint.

86. In answer to paragraph 86 of the Complaint, this defendant admits that Marra was bailed

out of ACDF by Holli Jackson after execution of a $100 cash bond.

87. This defendant lacks sufficient information to admit or deny the allegations of paragraph 87 of the Complaint.

88. This defendant denies the allegations of paragraph 88 of the Complaint.

89. This defendant denies the allegations of paragraph 89 of the Complaint.

90. This defendant denies the allegations of paragraph 90 of the Complaint.

91. This defendant lacks sufficient information to admit or deny the allegations of paragraph 91 of the Complaint.

92. The allegations of paragraph 92 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

93. This defendant denies the allegations of paragraph 93 of the Complaint to the extent that they are addressed to this defendant.

94. This defendant denies the allegations of paragraph 94 of the Complaint to the extent that they are addressed to this defendant.

95. This defendant denies the allegations of paragraph 95 of the Complaint to the extent that they are addressed to this defendant.

96. The allegations of paragraph 96 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

97.-107. The allegations of paragraphs 97 through 107 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

108. This defendant denies the allegations of paragraph 108 of the Complaint.

109.-112. The allegations of paragraphs 109 through 112 of the Complaint are not addressed

8

to this defendant and fail to state a claim as to this defendant.

113. The allegations of paragraph 113 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

114. The allegations of paragraph 114 of the Complaint are assertions of law and do not require an answer.

115.-125. This defendant denies the allegations of paragraphs 115 through 125 of the Complaint.

126. The allegations of paragraph 126 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

127.-132. This defendant denies the allegations of paragraphs 127 through 132 of the Complaint to the extent that those allegations are addressed to it.

133.-136. The allegations of paragraphs 133 through 136 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

137.-143. The allegations of paragraphs 137 through 143 of the Complaint are denied to the extent addressed to this defendant.

144. The allegations of paragraph 144 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

145.-147. The allegations of paragraphs 145 through 147 of the Complaint are denied to the extent addressed to this defendant.

148. The allegations of paragraph 148 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

149.-161. This defendant denies the allegations of paragraphs 149 through 161 of the

Complaint.

162. The allegations of paragraph 162 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

163.-170. This defendant denies the allegations of paragraphs 163 through 170 of the Complaint to the extent that those allegations are addressed to it.

171.-173. The allegations of paragraphs 171 through 173 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

174. The allegations of paragraph 174 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

175. The allegations of paragraph 175 of the Complaint are legal allegations that require no answer.

176.-179. This defendant denies the allegations of paragraphs 176 through 179 of the Complaint.

180. The allegations of paragraph 180 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

181. The allegations of paragraph 181 of the Complaint are legal assertions that do not require an answer.

182.-186. This defendant denies the allegations of paragraphs 182 through 186 of the Complaint.

187. The allegations of paragraph 187 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

188. The allegations of paragraph 188 of the Complaint are legal assertions that do not

require an answer.

189.-195. This defendant denies the allegations of paragraphs 189 through 195 of the Complaint to the extent addressed to this defendant.

196. The allegations of paragraph 196 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

197. The allegations of paragraph 197 of the Complaint are legal assertions that do not require an answer.

198.-204. The allegations of paragraphs 198 through 204 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant. This defendant further lacks sufficient information to admit or deny the factual allegations of those paragraphs.

205. The allegations of paragraph 205 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

206. The allegations of paragraph 206 of the Complaint are legal assertions that do not require an answer.

207. This defendant lacks sufficient information to admit or deny the allegations of paragraph 207 of the Complaint.

208.-211. In answer to paragraphs 208 through 211 of the Complaint, this defendant denies that it discriminated against the plaintiff based upon any disability or perceived disability.

212. The allegations of paragraph 212 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

213.-217. The allegations of paragraphs 213 through 217 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

11

218.-219. This defendant denies the allegations of paragraphs 218 through 219 of the Complaint to the extent addressed to this defendant.

220.-221. The allegations of paragraphs 220 through 221 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

222.-226. This defendant denies the allegations of paragraphs 222 through 226 of the Complaint to the extent addressed to this defendant.

227. The allegations of paragraph 227 of the Complaint are not addressed to this defendant and fail to state a claim as to this defendant.

228. This defendant denies the allegations of paragraph 228 of the Complaint to the extent addressed to this defendant.

229. The allegations of paragraph 229 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

230.-233. This defendant denies the allegations of paragraphs 230 through 233 of the Complaint to the extent addressed to this defendant.

234. The allegations of paragraph 234 of the Complaint do not require further answer, and this defendant relies upon its prior answers to the Complaint.

235.-237. This defendant denies the allegations of paragraphs 235 through 237 of the Complaint to the extent addressed to this defendant.

238.-239. This defendant lacks sufficient information to admit or deny the allegations of paragraphs 238 and 239 of the Complaint.

240. This defendant denies the allegations of paragraph 240 of the Complaint.

241. This defendant denies that the plaintiff is entitled to recover any damages or other relief

from it.

242. This defendant denies all allegations of the Complaint which were not previously admitted, denied, or otherwise answered.

243. To the extent that the plaintiff is suing Anderson County for negligence under the Tennessee Governmental Tort Liability Act, the County asserts that it retains immunity pursuant to Tennessee Code Annotated § 29-20-205(2) inasmuch as the allegations are asserting civil rights claims.

244. To the extent that the plaintiff is suing Anderson County for negligence under the Tennessee Governmental Tort Liability Act, the County relies upon all defenses available to it under the Tennessee Governmental Tort Liability Act and asserts that it retains immunity for the exercise of discretionary functions in relation to training issues, policy issues, or other similar issues in relation to the operation of ACDF.

245. Although this defendant does not believe that its employees were negligent or that there is any basis for it to be held liable, this defendant asserts the doctrine of modified comparative fault as to the plaintiff. This defendant asserts that the plaintiff's own conduct resulted in his incarceration and alleged injuries and that his own fault equals or exceeds 50% of the total fault. This defendant asserts comparative fault as to the co-defendants based solely upon the allegations of the Complaint.

Having fully answered the Complaint, this defendant asserts that the claims against it should be dismissed at the cost of the plaintiff. Alternatively, this defendant moves the Court for a jury to hear this action. This defendant reserves the right to amend this Answer as consistent with the Federal Rules of Civil Procedure and the Orders of this Court.

Respectfully submitted,

 *s/ Jeffrey M. Ward*
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com

Attorney for Anderson County

14