**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION AT KNOXVILLE**

| | |
|---|---|
| **SAMUEL JOHN MARRA,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. 3:24 CV 11:** |
| **CITY OF ROCKY TOP; ANDERSON COUNTY; SOUTHERN HEALTH PARTNERS, INC.; DALE CULVER** individually and **ROBERT MUDGETT** individually | **VARLAN / POPLIN** |
| **Defendants.** | |

## ANSWER OF DEFENDANT ROBERT MUDGETT

COMES NOW Defendant ROBERT MUDGETT, through counsel, and serves the following Answer to Plaintiff's Second Amended Complaint [Doc. 49] and would state as follows:

1) The "Introduction" section of the Second Amended Complaint is fifty-four (54) lines in length; covers the time period between June 23 through June 26, 2023; and, makes allegations directed to several parties. This Defendant is specifically referenced in the allegations that appear on pg 2 of the Second Amended Complaint but, without being specifically identified in the remaining allegations of the "Introduction" section, is unable to respond fully to every allegation in that section.

2) This Defendant admits interacting with the Plaintiff on or about June 24, 2023, while Plaintiff was a detainee at the Anderson County Detention Facility (hereinafter, "ACDF"). This Defendant admits that Plaintiff was actions on June 24, 2023 while at ACDF included but not limited to the removal of his clothing, remaining naked while in

his cell, humping the walls while naked, and, urinating on his cell door while threatening the Defendant.

3) The Plaintiff refused to clean up his urine and refused to obey the commands of correctional officers, which ultimately required the use of force by this Defendant. The above referenced events are depicted on the ACDF surveillance footage.

4) This Defendant admits that for a brief period, Plaintiff was subsequently placed in a restraint chair.

5) This Defendant denies all remaining allegations of the "Introduction" section of the Second Amended Complaint that are inconsistent with the foregoing and denies that Plaintiff's constitutional rights were violated or that he has any basis for a cause of action against this Defendant.

With respect to the allegations that appear in the individually numbered paragraphs of the Second Amended Complaint, Defendant would state:

6) This Defendant lacks sufficient information to admit or deny the allegations of paragraph 1 of the Second Amended Complaint.

7) In answer to paragraph 2 of the Second Amended Complaint, this Defendant denies that the Plaintiff has any basis to recover any damages from this Defendant.

8) The allegations of paragraph 3 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this Defendant.

9) In answer to paragraph 4 of the Second Amended Complaint, this Defendant admits that Anderson County is a governmental entity and that, at all times material, this Defendant was a governmental employee. This Defendant denies the remaining allegations of paragraph 4 of the Second Amended Complaint.

10)  The allegations of paragraph 5 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this Defendant.

11)  In answer to paragraph 6 of the Second Amended Complaint, this Defendant admits that, at all times material, he was a correctional officer at ACDF acting within the course and scope of his employment as a corrections officer. The remaining allegations of paragraph 6 of the Second Amended Complaint do not require an answer by this Defendant.

12)  This Defendant admits the allegations of paragraph 7 of the Second Amended Complaint.

13)  In answer to paragraph 8 of the Second Amended Complaint, this Defendant does not dispute venue or jurisdiction but denies that the Plaintiff has any basis for a claim against this Defendant and denies that any Eighth Amendment claims can be brought by a pre-trial detainee.

14)  In answer to paragraph 9 of the Second Amended Complaint, this Defendant asserts that the Court should decline to exercise supplemental jurisdiction over the state law claims.

15)  In answer to paragraph 10 of the Second Amended Complaint, this Defendant admits that while performing his activities, Defendant would have been acting under color of law. This Defendant objects to the remaining allegations of paragraph 10 of the Second Amended Complaint as overly broad and incapable of being fully responded to as stated.

16)  In answer to paragraph 11 of the Second Amended Complaint, this Defendant denies any allegations that he committed any wrongs.

17)  This Defendant lacks sufficient information to admit or deny the allegations of paragraphs 12 through 27 of the Second Amended Complaint as no depositions have been taken to date.

18) This Defendant lacks sufficient information to admit or deny the allegations of paragraph 28 through 39 of the Second Amended Complaint.

19) The allegations of paragraphs 40 & 41 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this Defendant.

20) This Defendant admits the allegations of paragraphs 42 & 43 of the Second Amended Complaint.

21) This Defendant lacks sufficient information to admit or deny the allegations of paragraphs 44 & 45 of the Second Amended Complaint.

22) This Defendant denies the allegations of paragraphs 46 & 47 of the Second Amended Complaint to the extent that they are addressed to this Defendant.

23) This Defendant lacks sufficient information to admit or deny the allegations of paragraph 48 of the Second Amended Complaint.

24) The allegations of paragraph 49 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this Defendant.

25) This Defendant lacks sufficient information to admit or deny the allegations of paragraphs 50 through 59 of the Second Amended Complaint.

26) With respect to the allegations in paragraph 60 of the Second Amended Complaint, this Defendant admits that, after the Plaintiff's inappropriate conduct, which included urinating on the holding room door, Defendant requested Plaintiff clean the urine the Plaintiff had discharged on the door.

27) This Defendant lacks sufficient information to admit or deny the allegations of paragraph 61 of the Second Amended Complaint as phrased. There is no time reference contained in that paragraph. Defendant would state that the Plaintiff spent a considerable amount of time in the holding room naked as depicted on the ACDF surveillance footage.

28) In answer to paragraph 62 of the Second Amended Complaint, this Defendant admits that Plaintiff sat down in his cell, made several remarks, and, refused to comply with the instructions provided. The remaining allegations of paragraph 62 are denied.

29) In answer to paragraph 63 of the Second Amended Complaint, this Defendant admits that the Plaintiff was advised that he would be sprayed with pepper spray if he refused to follow the commands given.

30) In answer to paragraph 64 of the Second Amended Complaint, this Defendant admits that he did not attempt to contact the medical staff while the Plaintiff refused to follow the commands given.

31) This Defendant denies the allegations of paragraphs 65 & 66 of the Second Amended Complaint. This Defendant admits that force was used on Plaintiff when he refused to comply with the commands given and then resisted the attempts to restrain him.

32) This Defendant denies the allegations of paragraph 67 of the Second Amended Complaint.

33) In answer to paragraph 68 of the Second Amended Complaint, this Defendant admits that Officer Sharp entered the cell to assist in restraining Plaintiff.

34) In answer to paragraph 69 of the Second Amended Complaint, this Defendant admits that the officers carried Plaintiff out of the cell when he refused to stand or otherwise cooperate.

35) In answer to paragraph 70 of the Second Amended Complaint, this Defendant admits that Plaintiff was placed in a restraint chair. Defendant has insufficient information to respond to the allegation regarding a bag as such event is not depicted on the ACDF surveillance footage and paragraph 70 makes no reference to a specific time for reference in responding.

36) This Defendant denies the allegations of paragraphs 71 & 72 of the Second Amended Complaint.

37) In answer to paragraph 73 of the Second Amended Complaint, this Defendant admits that Plaintiff was returned to a holding cell after he was removed from the restraint chair and Plaintiff continued to walk around his cell at times either fully clothed, partially clothed or completely naked.

38) This Defendant is unable to admit or deny the allegations of paragraph 74 of the Second Amended Complaint as said allegations are incomplete.

39) This Defendant lacks sufficient information to admit or deny the allegations of paragraphs 75 through 85 of the Second Amended Complaint. In addition, those paragraphs are not specifically addressed to this Defendant and fail to state a claim as to this Defendant.

40) In answer to paragraph 86 of the Second Amended Complaint, this Defendant admits that Plaintiff was bailed out of ACDF by Holli Jackson after execution of a $100 cash bond.

41) This Defendant lacks sufficient information to admit or deny the allegations of paragraphs 87 through 92 of the Second Amended Complaint. In addition, those paragraphs are not specifically addressed to this Defendant and fail to state a claim as to this Defendant.

42) This Defendant denies the allegations of paragraphs 93 through 95 of the Second Amended Complaint to the extent that they are addressed to this Defendant and demands strict proof thereof.

43) The allegations of paragraph 96 of the Second Amended Complaint do not require further answer, and this Defendant relies upon his prior answers to the preceding paragraphs in the Second Amended Complaint.

44) The allegations of paragraphs 97 through 107 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this defendant.

45) This Defendant denies the allegations of paragraph 108 of the Second Amended Complaint to the extent that they are addressed to this Defendant and demands strict proof thereof.

46) The allegations of paragraphs 109 through 112 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this Defendant.

47) The allegations of paragraph 113 of the Second Amended Complaint do not require further answer, and this Defendant relies upon his prior answers to the preceding paragraphs in the Second Amended Complaint.

48) The allegations of paragraph 114 of the Second Amended Complaint are assertions of law and do not require an answer.

49) This Defendant denies the allegations of paragraphs 115 through 125 of the Second Amended Complaint and demands strict proof thereof.

50) The allegations of paragraph 126 of the Second Amended Complaint do not require further answer, and this Defendant relies upon his prior answers to the preceding paragraphs in the Second Amended Complaint.

51) This Defendant denies the allegations of paragraphs 127 through 147 of the Second Amended Complaint to the extent that those allegations are addressed to him.

52) The allegations of paragraph 148 of the Second Amended Complaint do not require further answer, and this Defendant relies upon his prior answers to the preceding paragraphs in the Second Amended Complaint.

53) This Defendant denies the allegations of paragraphs 149 through 161 of the Second Amended Complaint.

54) The allegations of paragraph 162 of the Second Amended Complaint do not require further answer, and this Defendant relies upon its prior answers to paragraphs 1 through 161 of the Second Amended Complaint.

55) This Defendant denies the allegations of paragraphs 163 through 173 of the Second Amended Complaint to the extent that those allegations are addressed to him.

56) The allegations of paragraph 174 of the Second Amended Complaint do not require further answer, and this Defendant relies upon his prior answers to the preceding paragraphs in the Second Amended Complaint.

57) The allegations of paragraph 175 of the Second Amended Complaint are legal allegations that require no answer.

58) This Defendant denies the allegations of paragraphs 176 through 179 of the Second Amended Complaint to the extent that those allegations are addressed to him.

59) The allegations of paragraph 180 of the Second Amended Complaint do not require further answer, and this Defendant relies upon its prior answers to the preceding paragraphs in the Second Amended Complaint.

60) The allegations of paragraph 181 of the Second Amended Complaint are legal assertions that do not require an answer.

61) This Defendant denies the allegations of paragraphs 182 through 186 of the Second Amended Complaint to the extent that those allegations are addressed to him.

62) The allegations of paragraph 187 of the Second Amended Complaint do not require further answer, and this Defendant relies upon his prior answers to the preceding paragraphs in the Second Amended Complaint.

63) The allegations of paragraph 188 of the Second Amended Complaint are legal assertions that do not require an answer.

64) This Defendant denies the allegations of paragraphs 189 through 195 of the Second Amended Complaint to the extent addressed to this Defendant.

65) The allegations of paragraph 196 of the Second Amended Complaint do not require further answer, and this defendant relies upon its prior answers to the preceding paragraphs in the Second Amended Complaint.

66) The allegations of paragraph 197 of the Second Amended Complaint are legal assertions that do not require an answer.

67) The allegations of paragraphs 198 through 204 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this Defendant. This Defendant further lacks sufficient information to admit or deny the factual allegations of those paragraphs.

68) The allegations of paragraph 205 of the Second Amended Complaint do not require further answer, and this Defendant relies upon its prior answers to the preceding paragraphs in the Second Amended Complaint.

69) The allegations of paragraph 206 of the Second Amended Complaint are legal assertions that do not require an answer.

70) This Defendant lacks sufficient information to admit or deny the allegations of paragraph 207 of the Second Amended Complaint.

71) In answer to paragraphs 208 through 211 of the Second Amended Complaint, this Defendant denies those allegations to the extent addressed to this Defendant.

72) The allegations of paragraph 212 of the Complaint do not require further answer, and this Defendant relies upon its prior answers to the preceding paragraphs in the Second Amended Complaint.

73) The allegations of paragraphs 213 through 217 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this Defendant.

74) This Defendant denies the allegations of paragraphs 218 through 219 of the Second Amended Complaint to the extent addressed to this Defendant.

75) The allegations of paragraphs 220 through 221 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this defendant.

76) This Defendant denies the allegations of paragraphs 222 through 226 of the Second Amended Complaint to the extent addressed to this Defendant.

77) The allegations of paragraph 227 of the Second Amended Complaint are not addressed to this Defendant and fail to state a claim as to this Defendant.

78) This Defendant denies the allegations of paragraph 228 of the Second Amended Complaint to the extent addressed to this Defendant.

79) The allegations of paragraph 229 of the Second Amended Complaint do not require further answer, and this Defendant relies upon its prior answers to the preceding paragraphs in the Second Amended Complaint.

80) This Defendant denies the allegations of paragraphs 230 through 233 of the Second Amended Complaint to the extent addressed to this Defendant.

81) The allegations of paragraph 234 of the Second Complaint do not require further answer, and this Defendant relies upon its prior answers to the preceding paragraphs in the Second Amended Complaint.

82) This Defendant denies the allegations of paragraphs 235 through 237 of the Second Amended Complaint to the extent addressed to this Defendant.

83) This Defendant lacks sufficient information to admit or deny the allegations of paragraphs 238 and 239 of the Second Amended Complaint.

84) This Defendant denies the allegations of paragraph 240 of the Second Amended Complaint.

85) This Defendant denies that the Plaintiff is entitled to recover any damages or other relief from him.

86) This Defendant denies all allegations of the Second Amended Complaint which were not previously admitted, denied, or otherwise answered above.

87) The Second Amended Complaint fails to state a claim upon which relief can be granted including but not limited to the elements of (1) the excessive force claim and (2) the negligent infliction of emotional distress claim.

88) This Defendant asserts the doctrine of modified comparative fault as to the Plaintiff. This Defendant asserts that the Plaintiff's own conduct resulted in his incarceration and alleged injuries and that his own fault equals or exceeds 50% of the total fault. This Defendant also asserts comparative fault as to the co-defendants based solely upon the allegations of the Second Amended Complaint (as no depositions have been taken to date).

89) To the extent the Second Amended Complaint attempts to assert a claim against this Defendant in his official capacity as an Officer of the ACDF, official capacity claims are "superfluous" where the municipality is also a party to suit. *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013); see also *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014), and, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989). Since Anderson County is already a named Defendant herein, any claims against Defendant Mudgett, in his official capacity, should be dismissed.

90) In addition, to the extent the Plaintiff alleges Tennessee state law claims against Defendant Anderosn County and Defendant Mudgett, similar/identical state law claims cannot be simultaneously pursued against both the governmental entity and Defendant Mudgett as no claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed. See Tenn. Code Ann. § 29-20-310(b); *Hill v. City of Germantown*, 31 S.W. 3d 234 (Tenn. 2000). As such, any state law claims against Defendant Mudgett should be dismissed.[1]

91) This Defendant relies upon all defenses available to him under the Tennessee Governmental Tort Liability Act and asserts that he retains immunity for the exercise of discretionary functions.

92) To the extent that any liability is proven at trial, the Defendant reserves the right to aver that the damages complained of by Plaintiff may have resulted from independent, intervening causes and any damages alleged may not have been proximately caused by any act or omission on the part of this Defendant. As no depositions have been taken to

---

[1] This Defendant does not concede that the Tennessee state law claims have been properly brought against <u>any</u> defendant as immunity may not have been waived for said claims under the Tennessee Governmental Tort Liability Act.

date, this Defendant reserves the right to supplement this defense upon completion of depositions in this cause.

93) The provisions and limitations of Tennessee's Civil Justice Act may apply to the claims raised by Plaintiff in the Second Amended Complaint.

94) In addition, the Second Amended Complaint attempts to request punitive damages against Defendant Mudgett. To the extent the Plaintiff is seeking punitive damages for any alleged violation(s) of Tennessee state law, punitive damages are not recoverable from either a governmental entity or its employees for said violations. See *Johnson v. Smith*, 621 S.W. 2d 570, 572 (Tenn. 1981).

95) This Defendant is entitled to qualified immunity as to the Plaintiff's §1983 claim. "Government officials are entitled to qualified immunity for discretionary acts that do `not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known.'" *See Goad v. Mitchell,* 297 F.3d 497, 501 (6th Cir. 2002).

96) To the extent any of the claims raised by Plaintiff are triable by a jury, this Defendant does not waive its right to jury trial.

Having fully answered the Second Amended Complaint, this Defendant asserts that the claims against him should be dismissed at the cost of the Plaintiff. This Defendant also reserves the right to amend this Answer as consistent with the Federal Rules of Civil Procedure and the Orders of this Court and as discovery proceeds[2].

---

[2] Defendant expressly reserves the right to assert the Public Duty Doctrine; the defense of "failure to mitigate"; the defense of "after acquired evidence"; and, any other applicable Federal or State law immunities pending the completion of discovery (i.e. depositions) on the factual circumstances surrounding the Plaintiff's claims.

Respectfully submitted,

MICHEL AND WARD, P.C.


By: /S/ ALIX C. MICHEL
       **Alix C. Michel (BPR No. 024243)**
       **David J. Ward (BPR No. 013449)**
735 Broad Street, Suite 406
Chattanooga, Tennessee 37402
Telephone: 423.602.9521
Facsimile: 423.265.9524
*Attorneys for Defendant ROBERT MUDGETT*